**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ROBERT O. LINDOW,

No. 21-15810

   Plaintiff-Appellant,

D.C. No. 4:20-cv-03271-HSG

v.

DARREN WALLACE, an individual; et al.,

MEMORANDUM[*]

   Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of California
Haywood S. Gilliam, Jr., District Judge, Presiding

Submitted April 11, 2022[**]

Before:  McKEOWN, CHRISTEN, and BRESS, Circuit Judges.

   Robert O. Lindow appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising from

conservatorship proceedings in state court. We have jurisdiction under 28 U.S.C.

§ 1291. We review de novo. *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir.

---

   [*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   [**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2012) (dismissal under 28 U.S.C. § 1915(e)); *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003) (dismissal under *Rooker-Feldman* doctrine). We affirm.

The district court properly dismissed Lindow's § 1983 claims seeking to reopen or set aside California state court rulings because these claims constitute a forbidden "de facto appeal" of prior state court judgments and raise issues that are "inextricably intertwined" with those judgments. *Noel*, 341 F.3d at 1158, 1163-65 (discussing proper application of the *Rooker-Feldman* doctrine).

The district court properly dismissed Lindow's § 1983 claims alleging extrinsic fraud on the courts because Lindow failed to allege facts sufficient to show that defendants acted under color of state law. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 941 (1982) (explaining that private misuse or violation of a state statute is not actionable under § 1983); *Kirtley v. Rainey*, 326 F.3d 1088, 1092 (9th Cir. 2003) (discussing the criteria applied by courts to identify state action).

The district court did not abuse its discretion in dismissing Lindow's amended complaint without further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034,

1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**